Scileppi, J.
This is a reargument of the appeal in People v. Cefaro, Josephs and Russo (21 N Y 2d 252, mot. for rearg. granted 22 N Y 2d 884). Since the original opinion of this court contains a full statement of the facts surrounding this case, we set forth here only those facts which directly bear on the legal issue now presented.
Prior to the trial, a Huntley hearing was held to test the voluntariness of certain confessions made by the defendants herein. At the conclusion of the hearing, the Huntley Judge determined that the confessions had been voluntarily made. On the trial proper, these confessions were introduced into evidence without objection. Indeed at no time on the trial did the defendants assert the involuntariness of their confessions either by taking the stand or by calling witnesses on their behalf or by cross-examination of the People’s witnesses. After both sides had rested and the Judge had charged the jury, counsel for the defendant Josephs requested the Judge to charge the jury on the issue of voluntariness. The Judge denied the request on the ground that no issue of voluntariness had been raised during the trial. An exception was taken which, upon this record, we find inured to the benefit of all three defendants.
On this appeal, the defendants contend that the refusal of the trial court to charge on voluntariness deprived them of their State constitutional right to a trial by jury. More specifically, they urge that whenever a confession is admitted into evidence its voluntariness automatically is put in issue, and, therefore, it was reversible error for the Trial Judge to refuse to charge on the issue of voluntariness. In our opinion, this contention is without merit.
Prior to the decisions in Jackson v. Denno (378 U. S. 368) and People v. Huntley (15 N Y 2d 72), the law was well settled in this State that a confession is presumed to be voluntary and, absent evidence to the contrary, is competent and admissible in evidence (People v. Rogers, 192 N. Y. 331, 345). “ This is the *286 practical and natural rule; for if there is any reason to object to the confession, no one can know it better than the defendant ’ ’ (3 Wigmore, Evidence [3d ed.], § 860, p. 344). To challenge or overcome this presumption it was incumbent upon the defendant to object to the competency of the confession when it was offered and request a voir dire to probe, or present evidence on, the question of voluntariness (see, generally, People v. McNerlin, 11 N Y 2d 738; People v. Vargas, 7 N Y 2d 555, 562; People v. Doran, 246 N. Y. 409,416; People v. Rogers, supra, p. 346; People v. White, 176 N. Y. 331, 349-350; Murphy v. People,. 63 N. Y. 590, 597). If no issue of fact was raised by conflicting testimony on the voir dire, the question of the admission of the confession was for the court but, if there was a conflict in the evidence, the question ultimately was for the jury (People v. Doran, supra, pp. 416-417; People v. Randazzio, 194 N. Y. 147, 156).
It is crystal clear from a reading of the cases cited above that, for the question of voluntariness to be submitted to the jury, there had to be a proper objection and a proper offer of evidence on involuntariness sufficient to raise a factual dispute.
In our view Jackson v. Denno (supra) did not change this longstanding rule. Indeed the court in Jackson squarely recognized the rule as is evidenced by its discussion of the New York procedure : “ Under the New York rule, the trial judge must make a preliminary determination regarding a confession offered by the prosecution and exclude it if in no circumstances could the confession be deemed voluntary. But if the evidence presents a fair question as to its voluntariness, as where certain facts bearing on the issue are in dispute or where, reasonable men could differ over the inferences to be drawn from undisputed facts, the judge ‘ must receive the confession and leave to the jury, under proper instructions, the ultimate determination of its voluntary character and also its truthfulness.’ Stein v. New York, 346 U. S. 156,172. If an issue of coercion is presented, the judge may not resolve conflicting evidence or arrive at his independent appraisal of the voluntariness of the confession, one way or the other. These matters he must leave to the jury ” (Jackson v. Denno, supra, pp. 377-378; emphasis added).
What the court found constitutionally defective with respect to the old New York procedure was not the fact that the defendant had to raise an issue of voluntariness by objection and proof *287 in order to have it submitted to the jury, but rather that under this procedure the jury might reject the confession as being involuntary but consider it as evidence anyway because they believed it was truthful. Thus, the court required the States to adopt some procedure whereby a defendant could “ object to the use of the confession and * * * have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession ” (Jackson v. Denno, supra, p. 377). Thus, Jackson does not change the rule that an issue of voluntariness must in fact be raised before it is required to be submitted to the jury.
Neither does People v. Huntley (supra) — a case heavily relied upon by the defendants — change the rule. In Huntley we said': “ (a) We adopt for New York State the so-called Massachusetts procedure described in the Jackson v. Denno opinion at pages 378-379 of 378 United States Reports ' under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused ’ and has made express findings upon the disputed fact question of voluntariness. We favor the Massachusetts rule for several reasons, the first being that our State Constitution (art. I, § 2) mandates a jury trial of the issue of voluntariness. Another consideration supporting this choice is that the Massachusetts rule not only meets the demand of Jackson-Denno that ‘ a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence ’ (378 U. S., p. 395) but also provides a defendant with an opportunity before the jury itself to challenge the confession ” (p. 78; emphasis added).
Manifestly this language, is directly opposed to defendants’ contention on this reargument, for our reference to a submission of the voluntariness question to the jury assumes that voluntariness has somehow been contested by a defendant during the trial.
In People v. Mials (27 A D 2d 944), another case relied upon by defendants, the trial court after a Huntley hearing found the defendant’s confession voluntary. On the trial, defense counsel did not object to the admission of the confession nor did he except to the court’s charge or request that the issue of voluntariness be submitted to the jury. It should be noted, however, *288 that, unlike the present ease, there was cross-examination of various witnesses as to the defendant’s condition when he made the statements. The Appellate Division held that: ‘ ‘ Absent a clear concession of voluntariness or a clear waiver of the right to a jury trial on that issue, such issue must be submitted to the jury, despite the fact that it has preliminarily been passed upon by the trial court in the jury’s absence ”. Thus, Miáis would seem to indicate that where voluntariness is in any manner or degree put in issue, regardless of a lack of objection or exception, the trial court must charge the jury on the issue of voluntariness. Even if we were to adopt this position, however, Miáis would not be applicable under the facts of the instant case, for here voluntariness was not put in issue in any manner and, if the Judge would have charged the jury on voluntariness, they would in effect have been asked to make a factual determination when no evidence was adduced as to voluntariness. . Indeed the Appellate Division itself subsequently distinguished Mials in People v. Watts (29 AD 2d 878). The court there observed: “ Although a Huntley hearing was requested and held, no proof was submitted on the issue of the voluntariness of the alleged oral statement; nor was such proof elicited on the trial. In fact it was always defendant’s contention that he had never made the oral statement attributed to him by the police officer. Thus, People v. Mials (27 A D 2d 944) * * * [is] clearly distinguishable.”
That it is logical to submit the voluntariness issue to the jury via the charge only when the accused has properly raised it during the trial is evident from the possible effects of a contrary holding. If, without observing even the faintest manifestation of a dispute on a voluntariness question, the jury must still be charged on that issue, then the 12 triers of the facts would be given a license and, indeed, encouraged to make a determination in a factual vacuum, i.e., without evidentiary basis whatsoever. Clearly such a rule militates against the basic concept of the jury system.
In sum, we are of the opinion that the mere fact that there has been a pretrial Huntley hearing, without more, does not require a Trial Judge to charge on voluntariness. A Trial Judge is required to charge on voluntariness only if an issue has been raised at the trial by a proper objection, and evidence sufficient to raise a factual dispute has been adduced either by direct or *289 cross-examination. Under these circumstances, if the Judge fails to charge on voluntariness, a defendant must preserve his right to raise the question on appeal by making a specific request to charge, and, if the request is denied, by then taking a proper exception.
A separate and distinct issue raised only by the defendant Cefaro must be considered.* Although Cefaro admitted that he was in a car in Queens with the three other defendants during the night on which the crimes occurred, he made no confession which incriminated him in the crimes charged and, in fact, denied participating in any burglary. Prior to trial, he made a motion for severance on the ground that he would be prejudiced by a joint trial with codefendants whose confessions inculpated him. On the trial, these confessions which were highly prejudicial to and technically inadmissible against Cefaro were admitted into evidence with the standard cautionary instructions that the jury was to consider them only against the declarants.
Relying on Bruton v. United States (391 U. S. 123), Roberts v. Russell (392 U. S. 293), People v. Boone (22 N Y 2d 476) and People v. Jackson (22 N Y 2d 446), Cefaro contends that his motion for a severance should have been granted and that he is now entitled to a new trial since the joint trial resulted in a deprivation of his right of cross-examination secured by the confrontation clause of the Sixth Amendment. We think it is clear from the cases relied upon by this defendant that, under the circumstances of this case, the motion should have been granted. This is not to say, however, that where the confession of one codefendant implicates another codefendant there must always be a separate trial or a joint trial without the confession. As we recently said in People v. Boone (supra, p. 486): “ where the confession can be effectively redacted without prejudice to declarant or nondeclarant, the confession may be used at a joint trial ’ ’. In the instant case, however, there was no effort at redaction.
The District Attorney concedes that the Bruton case is applicable to Cefaro’s contention but urges that, since Cefaro admitted *290 being in a car with the defendants during the hours that the burglary was committed, we should apply the ‘ ‘ harmless error ’ ’ doctrine of Chapman v. California (386 U. S. 18) to legitimatize Cefaro’s conviction. We decline to do so. Under Chapman, before a constitutional error can be held to be harmless, the court must be able to declare its belief that it was harmless beyond a reasonable doubt.- Under the circumstances of this case, we could not in all fairness say that the error was harmless beyond a reasonable doubt. Cefaro’s statement at best placed him in the presence of the defendants at some time during the night that the crimes charged were committed. But he in fact denied participation in the burglary and the confessions of the codefendants state that Cefaro served not merely as a lookout but as an active participant who entered the home and removed certain articles. This was certainly prejudicial to Cefaro and, in these circumstances, cannot be considered harmless error.
Accordingly, the judgment affirming defendant Cefaro’s conviction should be reversed and a new trial ordered, and this court’s decision of affirmance adhered to with respect to defendants Josephs and Russo.
Chief Judge Fuld and Judges Burice, Keating and Breitel concur with Judge Scileppi; Judges Bergan and Jasen dissent in part and vote to adhere to this court’s original decision of affirmance in the case of People v. Cefaro.
Upon reargument:
In People v. Cefaro: Judgment reversed and new trial ordered.
In People v. Josephs and in People v. Russo: Original decision of affirmance adhered to.

 Rather than direct Cefaro to seek relief by resort to a writ of error coram nobis, we consider his contention on the merits because we granted reargument in this case sometime prior to our decision in People v. Pahl (23 N Y 2d 290).