■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL FABER, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered August 23, 1978, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was charged with the fatal stabbing of his girlfriend's former boyfriend, Taliafiero Moore, at the apartment where defendant and his girlfriend resided. At trial, a police officer testified that he had asked defendant, at the scene of the crime, what had happened. At this point, no one had given the officer any details as to the crime. The officer testified that defendant's reply was that Moore had indicated that he wanted defendant out of the house, and that he wanted to take defendant to court.

Defendant told Moore that the matter should be discussed in the hallway. As the two men were walking into the hallway, defendant attempted to slam the door on Moore, but Moore forced his way back in. Moore held up a hammer, as if to strike a blow, and defendant raised his arm to protect himself. The two began to wrestle and the hammer fell to the ground. At this time, Moore pulled a knife and, after they wrestled some more, defendant threw Moore to the ground. The officer indicated that defendant ended this narrative by saying that defendant thought that Moore fell on his own weapon. At the *Huntley* hearing, defendant's statement was ruled to have been voluntarily made. At trial, no objection was made to the admission of the statement. The officer was subjected to a cursory cross-examination only as to defendant's manner and tone of voice in an effort to negate intent. The defense never requested the court to instruct the jury on the voluntariness of the statement. Defense counsel did not raise the issue of voluntariness in summation. In the absence of a request, the court did not give an instruction on voluntariness, and no exception was taken to the court's failure to so charge. Defendant was convicted of second degree murder. On appeal, defendant argues that the trial court committed reversible error by failing to charge the jury on the voluntariness of his admissions. However, as defendant did not object to the introduction of the statement at trial, did not contest the voluntariness of the statement at trial, did not request the court to charge on this point, and did not except to the charge as given, he has not preserved the issue for appellate review. (See *People v Cerrato,* 24 NY2d 1.) In any event, defendant was not entitled to a charge on voluntariness for "our reference to a submission of the voluntariness question to the jury assumes that voluntariness has somehow been contested by a defendant *during the trial."* (See *People v Cefaro,* 23 NY2d 283, 287.) In *Cefaro,* after a *Huntley* hearing the defendant's statement was found to have been voluntarily made. However, no objection was taken to the admission of the statement at trial; the involuntariness of the statement was not asserted on the stand by the defendant or his witnesses. The jury charge was requested in *Cefaro* and denied by the trial court on the ground that no issue as to voluntariness was raised at trial; the defendant excepted. The Court of Appeals upheld the trial court's refusal to so charge. In the case at bar, defense counsel never even requested that the issue go before the jury. Defendant points to the language of CPL 710.70 (subd 3). This subdivision reads: "A motion to suppress evidence made pursuant to this article is the exclusive method of challenging the admissibility of evidence upon the grounds specified in section 710.20, and a defendant who does not make such a motion before or in the course of a criminal action waives his right to judicial determination of any such contention. Nothing contained in this article, however, precludes a defendant from attempting to establish at a trial that evidence introduced by the people of a pre-trial statement made by him should be disregarded by the jury or other trier of the facts on the ground that such statement was involuntarily made within the meaning of section 60.45. Even though the issue of the admissibility of such evidence was not submitted to the court, or was determined adversely to the defendant upon motion, the defendant may adduce trial evidence and otherwise contend that the statement was involuntarily made. In the case of a jury trial, the court must submit such issue to the jury under instructions to disregard such evidence upon a finding that the statement was involuntarily made." The language of this statute is not inconsistent with the decision in *People v Cefaro* (23 NY2d 283, *supra),* as the last sentence requiring submission of the issue to the jury is modified by the preceding sentences which assume that the defendant has contested the voluntariness of the statement at trial and that he has adduced trial evidence tending to show that the statement was involuntarily made. As previously

noted, the record in this case is devoid of any such evidence or contention. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.