THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD BERKMAN, Appellant.

Initially, we find that the defendant's guilt was proven beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). The accuracy of an eyewitness identification presents an issue of fact for the jury to resolve *(People v Dukes,* 97 AD2d 445). Here, the eyewitness to the robbery was unequivocal as to the defendant's identity as one of the perpetrators. In addition, the People introduced into evidence a statement attributed to the defendant in which he admitted his participation in the robbery.

The hearing court properly declined to suppress inculpatory statements attributed to the defendant. That court found that the People had proven the voluntariness of these statements beyond a reasonable doubt and it left to the jury the issue of the identification of the defendant's voice, as well as that of voluntariness.

The court properly left to the jury the issue of the caller's identification *(see, People v Dunbar Contr. Co.,* 215 NY 416, 421-423) and the jury could consider the circumstances of the call in resolving that issue *(see, People v Lynes,* 49 NY2d 286, 291-292). Here, the statements were obtained by the police while they were at the defendant's parents' house, investigating the robbery. A call was then received at the house. The defendant's wife and father both identified the caller as "Cliffie," which is a nickname for the defendant. In addition, the caller told the police officer that he was Cliff Berkman. The caller provided further criteria of the reliability of the identification by relating events that took place during the robbery. Thus, " '[t]he chance that these circumstances should unite in the case of some one [other than the defendant] seems * * * so improbable that the speaker was sufficiently identified' " *(People v Lynes, supra,* p 293).

Furthermore, although the hearing court left to the jury the issue of the voluntariness of the defendant's statements, the trial court did not err in failing to so instruct the jury as to this issue. The defendant did not object to the introduction of the statements at trial, did not contest their voluntariness at trial, did not request a charge on the issue, and did not except to the charge as given. He therefore did not request that the jury be apprised of the issue and thus failed to preserve same

for this court's review *(see, People v Cerrato,* 24 NY2d 1, 10, *cert denied* 397 US 940; *People v Faber,* 83 AD2d 883). In any event, no such instruction could properly be given in view of the defendant's failure to contest the issue of voluntariness during the trial *(see, People v Cefaro,* 23 NY2d 283, 288).

Finally, the defendant's contention that he was prejudiced by the court's failure to marshal the evidence is unpreserved for appellate review, as are most of the alleged improprieties in the prosecutor's summation; in any event, we find no merit to these claims *(see, People v Wilson,* 107 AD2d 830). The court's admonitions and curative instructions served to eliminate any possibility of prejudice with respect to those of the prosecutor's remarks which drew objections *(see, People v Cuevas,* 99 AD2d 553).

We have reviewed the defendant's other contentions, including his allegation that the sentence was excessive, and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.