■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MURRAY, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Browne, J.), both rendered May 19, 1978, convicting him of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree under indictment No. 167/77, and murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree under indictment No. 305/77, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements

made by him to the police. By order dated January 12, 1981, this court remitted the matter to Criminal Term to hear and report, after a reopened suppression hearing, and held the appeals in abeyance in the interim *(see, People v Murray,* 79 AD2d 993). Criminal Term has complied.

Justice Mangano has been substituted for former Justice Titone; Justice Bracken has been substituted for the late Justice Gibbons; Justice Lawrence has been substituted for former Justice Margett; and Justice Kooper has been substituted for former Justice O'Connor *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment on indictment No. 305/77 is affirmed; and it is further,

Ordered that the judgment on indictment No. 167/77 is reversed, on the law, and a new trial is ordered on that indictment. The facts have been considered and are determined to be established.

Pursuant to our prior order, Criminal Term reopened the *Huntley* hearing in December 1981 and gave the defendant the opportunity to produce witnesses in support of his claim that his prearrest statements were the product of police coercion. Despite numerous adjournments and a substitution of counsel at the defendant's request, no such witnesses appeared. We find no support in this record for the defendant's claim that the lapse of time between the initial hearing and the reopened hearing caused the unavailability of any of his witnesses. Rather, defense counsel's investigation failed to uncover the existence of any such witnesses despite diligent efforts.

Also at the reopened hearing, the People adduced testimony which established that no arrest warrant for the defendant had ever been issued in connection with either of the two cases at bar. Therefore, the defendant's custodial statements were not obtained in violation of any right to counsel *(cf., People v Samuels,* 49 NY2d 218). In view of the evidence presented at the reopened hearing, Criminal Term properly adhered to its original determination denying the defendant's motion to suppress statements.

Despite the lack of error in Criminal Term's pretrial determination to admit the defendant's statement in evidence in each case, we nevertheless find that reversible error occurred with respect to indictment No. 167/77 when Criminal Term gave an erroneous and prejudicial charge to the jury on the issue of whether the statements were the product of coercion. CPL 710.70 (3) provides that a defendant who has failed to

persuade the court at a pretrial hearing that his custodial statement was involuntarily made is not precluded from raising the issue before the jury, and that "the court must submit such issue to the jury under instructions to disregard such evidence upon a finding that the statement was involuntarily made". In the trial of indictment No. 167/77, the court stated in its charge that it had already determined that the confession "meets Constitutional requirements", a charge we rejected as improper in *People v Brainard* (56 AD2d 633). In addition, the court failed to state that it was the People's burden to prove voluntariness *(see, People v Huntley,* 15 NY2d 72, 78), and it further responded to the defendant's predeliberation request for an instruction that a confession obtained by the use of threats by the police is involuntarily made *(see,* CPL 60.45 [2])* by mistakenly stating that such language was in its charge. Since the defendant put forth evidence in the trial of indictment No. 167/77 that he was threatened with harm by a police officer unless he confessed, he was entitled to have the jury make a determination of the voluntariness of his confession on proper instructions, despite the court's pretrial ruling *(see,* CPL 60.45; *People v Cefaro,* 23 NY2d 283, 288-289; *People v Graham,* 55 NY2d 144, 151). The defendant's objection, made after the charge but prior to deliberations, is sufficient to preserve the issue with respect to indictment No. 167/77 *(see,* CPL 470.05 [2])*. With respect to the trial of indictment No. 305/77, the defendant failed to elicit any evidence of coercion in that case; thus, the fact that the court gave a similar erroneous charge on voluntariness was not reversible error there *(see, People v Faber,* 83 AD2d 883, 884).

We have examined the defendant's remaining contentions including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for review or without merit. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.