■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. HORN, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in denying defendant's request to submit the voluntariness of statements made by defendant to police officers to the jury because the issue of voluntariness was not "raised *at the trial* by a proper objection" and no "evidence sufficient to raise a factual dispute has been adduced either by direct or cross-examination" *(People v Cefaro,* 23 NY2d 283, 288-289; *see also,* CPL 710.70; *People v Taylor,* 135 AD2d 202, 204, *lv denied* 71 NY2d 1034; *People v Berkman,* 124 AD2d 590, 592, *lv denied* 69 NY2d 824; *People v Estrada,* 109 AD2d 977, 980).

The trial court did not err in declining defendant's request to charge assault in the second degree (Penal Law § 120.05 [4] [reckless conduct]) as a lesser included offense of first degree intentional assault (Penal Law § 120.10 [1]) because there was no reasonable view of the evidence that would support a finding that defendant accidentally or recklessly stabbed the victim *(see, People v Glover,* 57 NY2d 61, 63; *People v Maybee,* 148 AD2d 923). Defendant testified that he intentionally stabbed the victim but that he acted in self-defense, a claim that was rejected by the jury.

We have reviewed defendant's remaining contentions and we find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—assault, first degree.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.