■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ESTELA, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Bivona, J.), rendered March 2, 1990, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the County Court properly instructed the jury as to the law regarding the defense of justification. For the court to have repeated after each count and each lesser included offense that the defense of justification applied to it would have confused the jury and prevented it from properly exercising its function *(see, United States v MacQueen,* 596 F2d 76; *United States v Persico,* 349 F2d 6; *see also, People v Giles,* 60 AD2d 635).

We also reject the defendant's contention that the prosecution's delay in providing him with a witness's statement and disclosing to him the results of the victim's urine tests, which revealed the presence of cocaine, constituted a violation of the principles enunciated in *Brady v Maryland* (373 US 83). The defense had ample opportunity to utilize this evidence effectively *(see, People v Simmons,* 36 NY2d 126; *People v Bolling,* 157 AD2d 733). The People disclosed this evidence to the defense on the day before they opened their direct case. The defense had the opportunity to call, and did call, a witness who had personal knowledge of the statement, and did utilize

the forensic report to cross-examine the forensic expert. There was no indication that earlier disclosure would have affected the nature of the evidence or altered the defendant's trial strategy *(see, People v Clark,* 89 AD2d 820, *cert denied* 459 US 1090).

The defendant's contention that the County Court committed reversible error by failing to charge the jury on the voluntariness of his confession is unpreserved for appellate review. The defendant did not object to the introduction in evidence of his confession at the trial, did not contest the voluntariness of his confession at the trial, did not request the court to instruct the jury on this point, and did not object to the charge as given *(see, People v Cerrato,* 24 NY2d 1, *cert denied* 397 US 940; *People v Cefaro,* 23 NY2d 283; *People v Faber,* 83 AD2d 883).

The trial court properly denied the defendant's motion to set aside the jury's verdict pursuant to CPL 330.30 (3) on the basis of newly-discovered evidence. The evidence offered in support of that motion would have served only to impeach or contradict evidence adduced at the trial *(see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Haddad,* 133 AD2d 124).

We have reviewed the defendant's remaining contentions and find them to be without merit *(see, People v Coleman,* 70 NY2d 817; *People v Galloway,* 54 NY2d 396; *People v Farrar,* 52 NY2d 302). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.