█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL JUDGE, Appellant. [602 NYS2d 185] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered August 30, 1989, convicting him of

murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of intentional murder and felony murder for the robbery and stabbing of a man in a Brooklyn subway station on the afternoon of January 29, 1988. Two days after the murder, the defendant was apprehended and taken to the 90th Precinct where he remained from approximately 8:30 P.M. to 1:15 A.M. the next morning, during which time he made two disparate statements about the incident to a detective. The defendant subsequently repeated each distinct statement to an Assistant District Attorney for videotaping purposes.

*Miranda* warnings were administered prior to the defendant's first statement and again prior to both videotaped statements. Only prior to the defendant's second statement, which was initiated by the defendant himself and which followed the first videotaped statement by only a few minutes, were *Miranda* warnings not re-administered.

During the trial, defense counsel requested that the court deliver a general charge on the voluntariness and truthfulness of a defendant's statements, pursuant to 1 CJI(NY) 11.01. The court subsequently complied with this request, delivering an extensive voluntariness charge appropriate to the evidence elicited at trial. However, the court did not further charge the jury on the voluntariness of the defendant's waiver of his *Miranda* rights, pursuant to 1 CJI(NY) 11.06, and the defendant now claims that this was error. We disagree.

The defendant did not specifically request the latter amplified charge at any time during the trial. Defense counsel made only an oblique reference to such a charge, following the court's instructions to the jury, when he said, "Judge, I take exception to those requests made this morning and yesterday on the requests to charge that the court denied". This general language was not adequate to alert the court to the waiver issue, so that it might take appropriate curative measures in a timely manner. In short, the defendant failed to preserve the issue for appellate review *(see,* CPL 470.05 [2]; *People v Cerrato,* 24 NY2d 1, 10, *cert denied* 397 US 940; *People v Cefaro,* 23 NY2d 283, 289; *People v Bonaparte,* 78 NY2d 26, 31-32).

In any event, the evidence at trial did not raise a factual dispute as to whether the defendant was so incapacitated at the time he made his statements that he was incapable of knowingly, voluntarily, and intelligently waiving his *Miranda*

rights. Consequently, the defendant was not entitled to the amplified charge *(see,* CPL 710.70 [3]; *People v Estela,* 177 AD2d 646, 647; *cf., People v Cefaro, supra,* at 288-289; *People v Faber,* 83 AD2d 883).

Finally, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.