■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIOUS SPINKS, Appellant. [665 NYS2d 246] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of assault in the second degree (Penal Law § 120.05 [3]). The indictment alleged that, while confined at the Orleans County Jail and with intent to prevent performance of a lawful duty, defendant struck a correction officer, causing him physical injury. Defendant contends that County Court improperly charged the jury on the defense of justification; that the evidence is insufficient to establish defendant's intent or the correction officer's physical injury; and that the verdict is against the weight of the evidence.

We reject the contention that the court erred in instructing the jury that it should not consider the defense of justification if it found that the force used by the correction officer was law-

ful and necessary and not excessive. By failing to object to the charge as given, defendant has failed to preserve that contention for our review. In any event, the isolated portions of the charge challenged by defendant on appeal were not erroneous, but accurately set forth the initial aggressor rule (*see*, Penal Law § 35.15 [1] [b]). Further, the court properly instructed the jury at length concerning the objective and subjective elements inherent in the "he reasonably believes" language of Penal Law § 35.15 (1).

With respect to defendant's remaining contentions, we conclude that the conviction of second degree assault is supported by sufficient evidence that defendant intended to prevent the correction officer from performing a lawful duty and that the correction officer sustained physical injury (*see*, Penal Law § 10.00 [9]; § 120.05 [3]). We further conclude that the verdict is not against the weight of the evidence; the jury did not fail to give the conflicting evidence on the issue of justification "the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Orleans County Court, Punch, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.