■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLISS EDWARDS, Appellant. [745 NYS2d 697] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered January 17, 2001, convicting her of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court correctly denied that branch of her omnibus motion which was to suppress certain inculpatory statements she made in a telephone conversation with Poughkeepsie police following her arrest in Colorado. As an arrest warrant had been issued for the defendant in New York, her right to counsel had indelibly attached and could not be waived except in the presence of counsel (*see People v Carmona,* 82 NY2d 603; *People v Samuels,* 49 NY2d 218). "The rule, however, does not require the police to take affirmative steps, by gag or otherwise, to prevent a talkative person in custody from making an incriminating statement. Volunteered statements are admissible provided the defendant spoke with genuine spontaneity 'and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (*People v Rivers,* 56 NY2d 476, 479, quoting *People v Maerling,* 46 NY2d 289, 302-303; *see People v Lanahan,* 55 NY2d 711).

In the instant case, the defendant initiated the telephone contact to ascertain the strength of the People's case against her. The conversation was tape recorded, and the defendant's husband also participated. The detective asked no questions of the defendant, but rather, answered the defendant's inquiries as to, inter alia, whether the victim was pressing charges, and

the number of eyewitnesses to the assault. Accordingly, the incriminating statements made by the defendant during this telephone conversation were clearly voluntarily made, and were properly admitted at trial.

The defendant's remaining contentions are without merit. Smith, J.P., S. Miller, Friedmann and Townes, JJ., concur.