■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT H. FARRELL, Appellant. [786 NYS2d 329]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered January 18, 2002, convicting him of attempted robbery in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

The suppression court properly found that the defendant's post-arrest statements to the police were voluntary or spontane-

ous, and accordingly, admissible at trial (*see People v Rivers,* 56 NY2d 476, 479 [1982]; *cf. People v Grimaldi,* 52 NY2d 611, 617 [1981]; *People v Maerling,* 46 NY2d 289, 303 [1978]; *People v Edwards,* 296 AD2d 555 [2002]; *People v McKenzie,* 273 AD2d 255 [2000]).

The defendant failed to preserve for appellate review his contention that the County Court should have charged the jury with respect to the voluntariness of these post-arrest statements. He neither made such request to charge nor objected to the charge as given (*see People v Cerrato,* 24 NY2d 1, 10 [1969], *cert denied* 397 US 940 [1970]; *People v Cefaro,* 23 NY2d 283, 288-289 [1968]; *People v Estela,* 177 AD2d 646, 647 [1991]). In any event, since the defendant failed to elicit any evidence of coercion, the County Court's failure to charge the jury with regard to the voluntariness of his statements to the police following his arrest was not reversible error (*see* CPL 60.45; *People v Cefaro, supra* at 287; *People v Murray,* 130 AD2d 773, 775 [1987]; *People v Faber,* 83 AD2d 883, 884 [1981]).

The County Court properly considered the defendant's criminal record, including his conviction of a prior violent felony offense, in imposing sentence (*see* Penal Law § 70.04 [3]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.