■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY MEDINA, Appellant. [939 NYS2d 455]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J., at suppression hearing; Marcy L. Kahn, J., at jury trial and sentencing), rendered July 1, 2008, as amended November 21, 2008, convicting defendant of manslaughter in the first degree, and sentencing him, as a second violent felony offender, to a term of 20 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant argues that his videotaped statement was tainted by a brief conversation he had with the arresting detective that allegedly constituted custodial interrogation prior to the administration of *Miranda* warnings. However, defendant did not preserve this argument (*see People v Tutt*, 38 NY2d 1011, 1013 [1976]). Defendant made entirely different arguments at the hearing, and his motion papers were inadequate to raise the specific claim he makes on appeal. Moreover, even if the motion papers could be viewed as raising this claim, defendant abandoned the issue by failing to alert the hearing court to that aspect of his motion (*see e.g. People v Henriquez*, 246 AD2d 427 [1998], *lv denied* 91 NY2d 942 [1998]).

Accordingly, we decline to review this claim in the interest of justice. Further, even assuming a *Miranda* violation in that initial conversation there was sufficient attenuation so that defendant's videotaped statement was not tainted (*see People v White*, 10 NY3d 286, 291 [2008], *cert denied* 555 US 897 [2008]).

The trial court properly concluded that the People established a sufficient foundation for admitting defendant's videotaped statement into evidence. The arresting detective had testified at the suppression hearing, but the People represented that he had apparently been deployed overseas as a military reservist and was unavailable for trial. The People introduced the videotape through the authenticating testimony of a technician. Defendant argued that this was insufficient, and asserted that the

detective's testimony was necessary to establish the circumstances leading up to the videotaped statement so that the jury could assess the statement's voluntariness.

When a defendant moves to suppress a statement, the People have the burden of proving the statement was voluntarily made at a pretrial hearing (*People v Witherspoon*, 66 NY2d 973, 974 [1985]). If that burden is met, the statement becomes admissible at trial. At a trial, the voluntariness of the statement is not at issue unless a defendant raises that issue, and "evidence sufficient to raise a factual dispute has been adduced either by direct or cross-examination" (*People v Cefaro*, 23 NY2d 283, 288-289 [1968]). In that case, the court is required to instruct the jury to disregard the statement if it finds the statement was involuntarily made (CPL 710.70 [3]).

Even assuming, without deciding, that the People were required to go forward at trial with evidence of the statement's voluntariness, we conclude that they met that burden. The videotape depicts defendant unequivocally waiving his *Miranda* rights, and there is nothing to cast doubt on the statement's voluntariness. Accordingly, defendant was not entitled, as a precondition to admission of the statement, to demand that the People prove its voluntariness in any particular way (*cf. Witherspoon*, 66 NY2d at 974-975).

The trial court also properly declined to give a jury instruction regarding the voluntariness of the videotaped statement, because there was insufficient evidence to present a factual dispute on the issue (*see Cefaro*, 23 NY2d at 285-289). Contrary to defendant's argument, the videotape does not support competing inferences as to the statement's voluntariness.

The court properly declined to give a missing witness charge regarding the victim's brother, because there was no evidence that he could have provided material, noncumulative testimony. The trial evidence failed to establish that this witness was in a position to see who stabbed the victim (*see People v Dianda*, 70 NY2d 894 [1987]; *compare People v Kitching*, 78 NY2d 532, 538 [1991]). Defendant's argument rests on speculative inferences from the evidence.

We have reviewed certain sealed minutes in camera, and based on that review we reject defendant's challenge to the re-presentation of the case to a second grand jury.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.