# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

643

KA 09-00318

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DESHEQUAN L. NATHAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered September 18, 2008. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). The conviction stemmed from a street corner fistfight involving a group of teenagers and other young adults during which a shot was fired from defendant's gun, striking and killing a 16-year-old victim. The People presented evidence at trial that, during the altercation, defendant intentionally aimed the gun at the victim and shot him. Although defendant did not deny that his gun discharged and struck the victim, defendant presented evidence that the gun accidentally discharged while he was using it as a club in an attempt to protect one of his friends by preventing one of the other participants, Kavin Rowe, from pulling a gun out of his waistband. Thus, at trial, defendant contended that his use of physical force was justified in defense of a third person (§ 35.15 [1]).

We reject defendant's contention on appeal that Supreme Court erred in instructing the jury that, before it considered the defense of justification, it had to "first decide whether or not the defendant had actually used physical force against [Rowe]" (*see generally People v Spinks*, 244 AD2d 921, 921-922). The isolated portions of the charge challenged by defendant did not improperly shift the burden of proof to defendant (*see generally id.* at 922). Further, when the instructions are viewed in their entirety, the charge was a correct statement of the law, and properly identified and framed a factual

issue for the jury (*see People v DiGuglielmo*, 258 AD2d 591, 592, *lv denied* 93 NY2d 923; *see generally People v Coleman*, 70 NY2d 817, 819). We reject defendant's further contention that the court erred in refusing to charge the jury with respect to the voluntariness of defendant's statements to the police.  A court is required to provide a charge regarding the voluntariness of defendant's statements only if defendant raises that issue, and "evidence sufficient to raise a factual dispute [is] adduced either by direct or cross-examination" (*People v Cefaro*, 23 NY2d 283, 288-289; *see People v Medina*, 93 AD3d 459, 460, *lv denied* 19 NY3d 999).  Inasmuch as defendant did not submit any evidence presenting a genuine question of fact as to the voluntariness of his statements, the court was not required to instruct the jury on that issue (*see People v White*, 27 AD3d 884, 886, *lv denied* 7 NY3d 764).

Defendant also contends that the court erred in denying his request for an adverse inference charge concerning the failure of the police to record defendant's interrogation.  " '[T]his Court has repeatedly determined . . . that the failure to record a defendant's interrogation electronically does not constitute a denial of due process' . . . , and thus an adverse inference charge was not warranted" (*People v Holloway*, 71 AD3d 1486, 1487, *lv denied* 15 NY3d 774; *see People v McMillon*, 77 AD3d 1375, *lv denied* 16 NY3d 897). Finally, defendant's sentence is not unduly harsh or severe.

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court