# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1137**
**KA 12-02213**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPH CANFIELD, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 19, 2012. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [2]) and sexual abuse in the first degree (§ 130.65 [2]). We reject defendant's contention that Supreme Court erred in refusing to charge the jury with respect to the voluntariness of defendant's statements to the police. Such a charge is required only if defendant raises the issue of voluntariness at trial "by a proper objection, and evidence sufficient to raise a factual dispute [is] adduced either by direct [examination] or cross-examination" (*People v Cefaro*, 23 NY2d 283, 288-289; *see People v Medina*, 93 AD3d 459, 460, *lv denied* 19 NY3d 999). Inasmuch as defendant did not submit any evidence presenting a genuine issue of fact concerning the voluntariness of his statements, the court was not required to instruct the jury on that issue (*see People v Nathan*, 108 AD3d 1077, 1078; *People v White*, 27 AD3d 884, 886, *lv denied* 7 NY3d 764).

We reject defendant's further contention that, in response to a jury question, the court erred in providing an expanded definition of the term "unconscious" as used in Penal Law § 130.00 (7). When presented with a jury question, the court is obligated to provide a meaningful response pursuant to CPL 310.30 (*see People v Kadarko*, 14 NY3d 426, 429). The term "unconscious" is not defined in the statute, and we perceive no error in the court's use of a dictionary definition in responding to the jury's question (*see McKinney's Cons Laws of NY, Book 1, Statutes § 234*). Defendant failed to preserve for our review

his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19). Furthermore, "[s]itting as the thirteenth juror . . . [and] weigh [ing] the evidence in light of the elements of the crime[s] as charged to the other jurors" (*People v Danielson*, 9 NY3d 342, 349), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495). Also contrary to defendant's contention, he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). In particular, with respect to defendant's allegation that defense counsel was ineffective based on his failure to move to suppress his statements to the police, we conclude that defendant failed to establish that such a motion, if made, would have been successful (*see People v Peterson*, 19 AD3d 1015, 1015, *lv denied* 6 NY3d 851). Finally, the sentence is not unduly harsh or severe.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court