■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADINE PANTON, Appellant. [979 NYS2d 579]—

Judgment, Supreme Court, Bronx County (John W. Carter, J., at hearing; Ann M. Donnelly, J., at jury trial and sentencing), rendered December 21, 2010, convicting defendant of murder in the second degree and robbery in the second degree, and sentencing her to an aggregate term of 25 years to life, unanimously modified, on the law, to the extent of vacating the DNA data bank fee, and reducing the amounts of the mandatory surcharge and crime victim assistance fees from $250 and $20 to $200 and $10, respectively, and otherwise affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations.

The record supports the court's determination that defend-

ant's statements were voluntary and not the product of coercion. Defendant did not preserve her argument that the statements she made after receiving *Miranda* warnings should have been suppressed as the product of custodial interrogation before the warnings were administered (*see e.g. People v Medina*, 93 AD3d 459 [1st Dept 2012], *lv denied* 19 NY3d 999 [2012]), and we decline to reach the issue in the interest of justice. As an alternative holding, we find that suppression was not warranted. Even assuming that the detective's display to defendant of a crime scene photograph of the murder victim, shortly before giving the warnings, constituted the functional equivalent of interrogation, defendant made no incriminating statements until after the warnings were administered, and her post-*Miranda* statements were attenuated from the display of the photo (*see People v White*, 10 NY3d 286 [2008]).

Defendant's arrest did not violate *Payton v New York* (445 US 573 [1980]), as the record demonstrates that the detectives entered defendant's apartment with her consent. Since the detectives did not mention a probation warrant until after defendant had already let them into her apartment, and since the warrant was not the basis for defendant's arrest, the fact that the warrant proved to be invalid does not affect any Fourth Amendment issue in this case.

Defendant's ineffective assistance of counsel claim, based on counsel's failure to preserve the *Miranda* issue, is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing defendant's sentence.

As the People concede, since defendant committed the crime before the effective dates of legislation increasing the mandatory surcharge and crime victim assistance fees, and imposing a DNA data bank fee, defendant's sentence must be modified accordingly. Concur—Sweeny, J.P., Andrias, Freedman, Richter and Clark, JJ.