# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**871**

**KA 12-02096**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

BANGALY CHELLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

BANGALY CHELLEY, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SYDNEY V. PROBST OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 9, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that Supreme Court erred in failing to give the jury a circumstantial evidence charge. Defendant failed to preserve that contention for our review, however, inasmuch as he did not request a circumstantial evidence charge and did not object to the court's instructions as given (*see People v Recore*, 56 AD3d 1233, 1234, *lv denied* 12 NY3d 761; *People v Ponder*, 19 AD3d 1041, 1042-1043, *lv denied* 5 NY3d 809; *see generally* CPL 470.05 [2]). In any event, a circumstantial evidence charge was not required "because the People's case was not based entirely on circumstantial evidence" (*People v Way*, 115 AD3d 558, 558; *see People v Daddona*, 81 NY2d 990, 992; *People v Smith*, 90 AD3d 1565, 1566, *lv denied* 18 NY3d 998). The People offered direct evidence from two witnesses who testified that they had observed defendant fire multiple shots from a handgun in the area where the victim was fatally shot. Another witness testified that, after she had told defendant that he could not shoot straight and that he had "hit" one of his "own people," defendant had called her a "bitch" and said "I'm going to kill you too." That statement from defendant is tantamount to an admission, which constitutes direct evidence (*see generally People v Guidice*, 83 NY2d 630, 636; *People v*

*Rogers*, 103 AD3d 1150, 1154, *lv denied* 21 NY3d 946).

Defendant further contends that the verdict is against the weight of the evidence because the People's key witnesses were not credible. We reject that contention. Even assuming, arguendo, that a different verdict would not have been unreasonable, "the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801; *see People v Kalinowski*, 118 AD3d 1434, 1436; *People v Canfield*, 111 AD3d 1396, 1397, *lv denied* 22 NY3d 1087). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We also reject defendant's challenge to the severity of his sentence. Considering that defendant's senseless actions resulted in the death of an innocent bystander, who was outside fixing his granddaughter's bicycle when he was struck in the head by a bullet from a gun fired by defendant at another person, we perceive no basis upon which to exercise our discretion to modify his sentence in the interest of justice (*see* CPL 470.15 [6] [b]).

In his pro se supplemental brief, defendant contends that the court erred in admitting into evidence the victim's autopsy report because defendant was unable to confront the medical examiner who prepared the report. That contention is unpreserved for our review, however, inasmuch as defendant failed to object to the autopsy report at trial (*see* CPL 470.05 [2]; *People v Jackson*, 117 AD3d 966, 968). In any event, the contention lacks merit because the autopsy report does not constitute testimonial evidence (*see People v Freycinet*, 11 NY3d 38, 42; *People v Green*, 110 AD3d 825, 826, *lv denied* 22 NY3d 1139).

We have reviewed the remaining contentions set forth in the pro se supplemental brief and conclude that they lack merit.

Entered:  October 3, 2014                        Frances E. Cafarell
                                                 Clerk of the Court