# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

386

KA 08-00886

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

LAZARUS CLYBURN-DAWSON, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered February 27, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]). We reject defendant's contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the People, as we must in the context of a legal sufficiency analysis (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant forcibly stole marihuana from the victim and that, during the course and commission of that robbery, he shot the victim to death. We reject defendant's further contention that County Court erred in refusing to suppress his statements to the police (*see People v Gutierrez*, 96 AD3d 1455, 1455, *lv denied* 19 NY3d 997). Even assuming, arguendo, that the police misled defendant by the representation that one of the investigators had been "trained in the mental health field," we conclude that such deception did not "create a substantial risk that the defendant might falsely incriminate himself" (*People v Alexander*, 51 AD3d 1380, 1382, *lv denied* 11 NY3d 733 [internal quotation marks omitted]), and it cannot be said that the alleged deception was " 'so fundamentally unfair as to deny [defendant] due process' " (*People v Brown*, 39 AD3d 886, 887, *lv denied* 9 NY3d 873, quoting *People v Tarsia*, 50 NY2d 1, 11). We likewise conclude that the circumstances and length of defendant's detention and questioning, spanning a period of approximately eight hours, did not render defendant's statement involuntary (*see People v*

*McWilliams*, 48 AD3d 1266, 1267, *lv denied* 10 NY3d 961).

Contrary to defendant's further contention, the court did not err in refusing to charge the jury with respect to the voluntariness of defendant's statements to the police. Such a charge is required only if defendant raises the issue of voluntariness at trial "by a proper objection, and evidence sufficient to raise a factual dispute [is] adduced either by direct [examination] or cross-examination" (*People v Cefaro*, 23 NY2d 283, 288-289; *see People v Medina*, 93 AD3d 459, 460, *lv denied* 19 NY3d 999). Because defendant did not submit any evidence presenting a genuine issue of fact concerning the voluntariness of his statements, the court was not required to instruct the jury on that issue (*see People v Canfield*, 111 AD3d 1396, 1396, *lv denied* 22 NY3d 1087; *People v Nathan*, 108 AD3d 1077, 1078, *lv denied* 23 NY3d 966).

Defendant failed to preserve his contention that one of the People's witnesses improperly referred to a written statement of an eyewitness to the crime (*see* CPL 470.05 [2]). In any event, the court properly permitted the People to elicit, during the testimony of a police investigator, that an eyewitness to the crime made a written statement, the contents of which were not revealed to the jury, and that the statement was shown to defendant during interrogation. The investigator did not testify that the out-of-court statement led him to arrest defendant. Rather, the investigator merely conveyed the circumstances under which defendant's own statement was given to the police (*see People v Gonzalez*, 249 AD2d 24, 24, *lv denied* 92 NY2d 1049). To the extent that defendant contends that defense counsel was ineffective in eliciting testimony about the written statement, we conclude that the record establishes that defense counsel pursued a legitimate strategy of implicating the party that had given the written statement as "the shooter." Thus, defendant failed to meet his burden of demonstrating " 'the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" with respect to the written statement (*People v Benevento*, 91 NY2d 708, 712; *see People v Loret*, 56 AD3d 1283, 1283, *lv denied* 11 NY3d 927).

Defendant failed to preserve his contention with respect to the admissibility of the photographs marked as People's exhibits Nos. 37 and 39 (*see* CPL 470.05 [2]). Although defense counsel initially objected to the admission of the photographs in evidence on the ground that the People had established no evidentiary foundation for them, no further objection was made after the People established a proper foundation. We reject defendant's further contention that the court erred in admitting in evidence the photograph marked as People's exhibit No. 40 because it was irrelevant and without foundation, and constituted an improper reenactment of the crime. We conclude that the court did not abuse its discretion in admitting the photograph as demonstrative evidence (*see People v Gorham*, 72 AD3d 1108, 1110, *lv denied* 15 NY3d 773). The photograph clarified other relevant evidence and corroborated the testimony of other witnesses (*see People v D'Lucca*, 243 AD2d 487, 488, *lv denied* 91 NY2d 872). Furthermore, any difference between the photograph and the circumstances under which the shooting occurred went to the question of weight rather than

admissibility (*see People v Davis*, 10 AD3d 583, 583, *lv denied* 4 NY3d 743).

   Finally, defendant's sentence is not unduly harsh or severe.