THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRIS DAVIS, Appellant. [595 NYS2d 792] —Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered September 11, 1991, convicting him of assault in the second degree (three counts), criminal possession of a weapon in the fourth degree (four counts),

attempted assault in the second degree (two counts), criminal trespass in the second degree, and harassment, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, it must be noted that all but one of the defendant's arguments are unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 248-252). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contentions, the People did prove that he intended to cause and did cause serious bodily injury by throwing the bottle that hit the victim in the jaw, causing the victim's jaw to fracture in two places, several teeth to be chipped, and a single tooth to break in half (see, People v Katz, 290 NY 361; People v Brandon, 102 AD2d 832, 833). Further, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.