■ In the Matter of TIRELL R., a Person Alleged to be a Juvenile Delinquent, Appellant. [822 NYS2d 615]—

In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated September 20, 2005, which, upon a fact-finding order of the same court dated June 29, 2005, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, assault in the second degree (two counts), grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, assault in the third degree, attempted assault in the third degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of up to 18 months. The appeal brings up for review the fact-finding order dated June 29, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Quanel M.*, 8 AD3d 386 [2004]), we are satisfied that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes charged. The evidence that the appellant struck and broke the complainant's jaw, requiring it to be wired shut for six weeks, was sufficient to establish a "serious physical injury" within the meaning of Penal Law § 10.00 (10) to uphold the findings relating to robbery in the first degree (*see* Penal Law § 120.05 [1]) and assault in the second degree (*see* Penal Law § 160.15 [1]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Jabari W.*, 18 AD3d 767 [2005]; *Matter of James B.*, 262 AD2d 480, 481 [1999]). The determination of a Family Court Judge sitting as trier of fact is to be accorded the same weight as that given to a jury verdict, and its determination should not be disturbed unless clearly unsupported by the record (*see Matter of Gabriel A.*, 12 AD3d 666, 667 [2004]; *Matter of James B.*, 262 AD2d at 481). Upon the exercise of our factual review power, we are satisfied that the Family Court's findings were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The Family Court considered all of the dispositional alternatives and providently exercised its discretion in deciding that the appropriate disposition was to place the appellant with the

Office of Children and Family Services for a period of up to 18 months without credit for the time served before the disposition (*see Matter of Katherine W.*, 62 NY2d 947 [1984]; *Matter of Henry M.*, 220 AD2d 667, 668 [1995]; *Matter of Frank C.*, 211 AD2d 596, 597 [1995]). The Family Court's determination should therefore not be disturbed. Moreover, there is no evidence that the Family Court punished the appellant for exercising his right to have a trial (*see People v Goolsby*, 213 AD2d 722, 722-723 [1995]).

The appellant's remaining contention is without merit. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.