■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE E. JOHNSON, Appellant. [856 NYS2d 781]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 13, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, attempted assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of assault in the first degree (Penal Law § 120.10 [1]), attempted assault in the first degree (§§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [7]). Defendant correctly concedes that he failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of assault and attempted assault (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]) and, in any event, we conclude that his contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence establishing

that the assault victim sustained a serious physical injury, i.e., a fractured jaw that was wired shut for four to five weeks (see Matter of Tirell R., 33 AD3d 804, 805 [2006]; People v Davis, 191 AD2d 705 [1993]), and they presented evidence establishing the remaining elements of assault and attempted assault (see Penal Law §§ 110.00, 120.10 [1]).

We reject defendant's further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although there was conflicting evidence with respect to the identity of the perpetrator, we accord great deference to the opportunity of the jury "to view the witnesses, hear the testimony and observe demeanor," and we decline to disturb its determination to credit the testimony identifying defendant as the perpetrator (id.).

Defendant failed to preserve for our review his contention that the prosecutor engaged in prosecutorial misconduct during summation (see People v Wright, 269 AD2d 831 [2000], lv denied 94 NY2d 954 [2000]). In any event, that contention lacks merit because the prosecutor "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (People v Galloway, 54 NY2d 396, 399 [1981]). We further conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant failed to preserve for our review his contentions concerning the duration of the orders of protection, and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see People v Bennett, 48 AD3d 1031 [2008]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.