■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAMEL N. BROWNE, Appellant. [886 NYS2d 901]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered March 8, 2007, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Grosso, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention, raised in his supplemental pro se brief, that the evidence was legally insufficient to support his conviction of assault in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]; *People v Dehaarte,* 65 AD3d 593 [2009]; *People v O'Neil,* 62 AD3d 727 [2009]) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of that crime (*see People v Johnson,* 50 AD3d 1537, 1537-1538 [2008]; *People v Colon,* 42 AD3d 549, 550 [2007]; *Matter of Tirell R.,* 33 AD3d 804, 805 [2006]; *People v Godbolt,* 209 AD2d 540, 541 [1994]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004],

*cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Lenoir*, 57 AD3d 802 [2008]).

The defendant's contentions regarding the prosecutor's summation are unpreserved for appellate review and, in any event, are without merit (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911 [2006]; *People v Nisvis*, 56 AD3d 574 [2008]; *People v Williams*, 52 AD3d 851 [2008]; *People v Small*, 45 AD3d 705 [2007]; *People v McHarris*, 297 AD2d 824, 825 [2002]).

The defendant's contention that the court erred in denying that branch of his omnibus motion which was to suppress identification testimony is without merit (*see People v James*, 194 AD2d 558, 559 [1993]). His contentions regarding the admission of expert testimony, the court's instructions to the jury, and the alleged amendment of the indictment are unpreserved for appellate review and, in any event, are without merit (*see* CPL 470.05 [2]; *People v Rivera*, 84 NY2d 766, 769 [1995]; *People v Cox*, 54 AD3d 684, 685 [2008]; *People v Jean-Laurent*, 51 AD3d 818 [2008]; *People v Cordice*, 306 AD2d 354 [2003]; *People v Snyder*, 294 AD2d 381, 382 [2002]; *People v St. John*, 239 AD2d 365, 365-366 [1997]). Rivera, J.P., Fisher, Belen and Austin, JJ., concur.