■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE J. SCOTT, Appellant. [910 NYS2d 719]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered June 18, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]). Even assuming, arguendo, that defendant preserved for our review his contention that the prosecutor violated County Court's *Molineux* ruling and that he was thereby denied a fair trial, we conclude that defendant's contention is without merit. The prosecutor's questions at issue were innocuous and not designed to circumvent the court's *Molineux* ruling and, in any event, any alleged prosecutorial misconduct did not " 'cause[ ] such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]).

We reject defendant's further contention that the prosecutor improperly bolstered the testimony of one of the People's witnesses. Defense counsel opened the door to the disputed testimony (*see People v Marji*, 43 AD3d 961 [2007], *lv denied* 9 NY3d 1007 [2007]; *see generally People v Massie*, 2 NY3d 179, 183-184 [2004]; *People v Melendez*, 55 NY2d 445, 451-452 [1982]) and, even assuming, arguendo, that the court erred in admitting that testimony, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Present—Scudder, P.J., Martoche, Centra, Fahey and Green, JJ.