# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1479**

**KA 12-01220**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                   MEMORANDUM AND ORDER

ERICA L. MORELAND, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 25, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.

Memorandum: In appeal No. 2, defendant appeals from a judgment convicting her following a jury trial of assault in the second degree (Penal Law § 120.05 [2]) for physically injuring the victim by kicking her with a stiletto boot and, in appeal No. 1, she appeals from the subsequent resentence.

Addressing appeal No. 2 first, we note that defendant failed to preserve for our review her contention that the prosecutor engaged in misconduct by failing to provide a sufficient notice of intent to introduce *Molineux* evidence (*see* CPL 470.05 [2]; *see also People v Nappi*, 83 AD3d 1592, 1594, *lv denied* 17 NY3d 820). In any event, that contention lacks merit inasmuch as the alleged misconduct "did not cause[] such substantial prejudice to the defendant that [she] has been denied due process of law" (*People v Scott*, 78 AD3d 1531, 1532, *lv denied* 17 NY3d 801 [internal quotation marks omitted]). Contrary to defendant's further contention, we conclude that she received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). "The alleged instances of ineffective assistance concerning defense counsel's failure to make various objections [or certain motions or requests] are based largely on [defendant's] hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet [her] burden of establishing the absence of any legitimate explanations for those strategies" (*People v Douglas*, 60

AD3d 1377, 1377, *lv denied* 12 NY3d 914 [internal quotation marks omitted]).

Additionally, although defendant moved to dismiss the indictment at the close of the People's case based on the alleged legal insufficiency of the evidence, she failed to renew her motion after presenting evidence and thus failed to preserve for our review her present contention that the evidence is legally insufficient to establish her intent to cause physical injury (*see People v Diefenbacher*, 21 AD3d 1293, 1294, *lv denied* 6 NY3d 775).  In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to establish that defendant possessed the requisite intent.

Moreover, viewing the evidence in light of the element of intent as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to that element is not against the weight of the evidence.  "A defendant may be presumed to intend the natural and probable consequences of his [or her] actions . . . , and [i]ntent may be inferred from the totality of conduct of the accused" (*People v Mahoney*, 6 AD3d 1104, 1104, *lv denied* 3 NY3d 660 [internal quotation marks omitted]; *see generally People v Badger*, 90 AD3d 1531, 1532, *lv denied* 18 NY3d 991).  The victim and defendant both testified that they were engaged in a physical altercation and were intentionally striking at each other with their fists.  Defendant testified that, during the altercation, she kicked her stiletto boot in the direction of the victim.  Although defendant testified that she did not intend to kick the victim, that testimony is belied by her actions.  Thus, "it cannot be said that the jury failed to give the evidence the weight that it should be accorded" (*People v Mike*, 283 AD2d 989, 989, *lv denied* 96 NY2d 904).

With respect to appeal No. 1, we conclude that the sentence imposed at resentencing is not unduly harsh or severe.

Entered:  February 8, 2013                     Frances E. Cafarell
                                               Clerk of the Court