# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1073

KA 11-02470

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HENRY SANTIAGO, JR., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered November 7, 2011. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of predatory sexual assault (Penal Law § 130.95 [1] [a]), defendant contends that County Court abused its discretion in denying his request for substitution of counsel or for an adjournment of the trial to permit him to retain new counsel. We reject that contention. Indeed, "defendant failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" before denying defendant's request (*People v Porto*, 16 NY3d 93, 100). Furthermore, we note that "good cause [for an adjournment to permit a defendant to retain new counsel] does not exist [where, as here,] defendant[ is] guilty of delaying tactics or where, on the eve of trial, disagreements over trial strategy generate discord" (*People v Linares*, 2 NY3d 507, 511; *see People v Arroyave*, 49 NY2d 264, 271; *People v Sayavong*, 248 AD2d 1023, 1024, *lv denied* 92 NY2d 905).

As defendant correctly concedes, he failed to preserve for our review his contention that the court erred in failing to submit to the jury the issue of the voluntariness of his statements to the police (*see People v Thomas*, 96 AD3d 1670, 1673, *lv denied* 19 NY3d 1002). In any event, "[f]or [the issue of] voluntariness to be submitted to the jury, there must be [both] a proper objection and an offer of evidence sufficient to raise a factual dispute" (*People v Mateo*, 2 NY3d 383, 416 n 20, *cert denied* 542 US 946; *see People v Cefaro*, 23 NY2d 283, 286-287; *People v Haque*, 70 AD3d 967, 967, *lv denied* 15 NY3d 750, *cert*

*denied* ___ US ___, 131 S Ct 903), and here there was neither.

Defendant challenges the legal sufficiency of the evidence with respect to whether the victim sustained a serious physical injury within the meaning of Penal Law § 130.95 (1) (a) and whether he caused such injury. The People presented evidence establishing that the victim sustained a fractured jaw that was wired shut for four weeks, along with evidence that the victim experienced numbness that continued until the time of trial and lost three teeth. Consequently, we conclude that the evidence of serious physical injury is legally sufficient to support the conviction (*see People v Blackman*, 90 AD3d 1304, 1307, *lv denied* 19 NY3d 971; *People v Johnson*, 50 AD3d 1537, 1537-1538, *lv denied* 10 NY3d 935; *Matter of Tirell R.*, 33 AD3d 804, 805). Defendant's further contention that the evidence is legally insufficient to establish that he caused the victim's injury is without merit inasmuch as the victim testified that defendant punched her in the jaw and that she felt it break. Also, two physicians testified that the victim's jaw was broken in two places, and that such injuries are consistent with a punch as described by the victim.

Finally, the sentence is not unduly harsh or severe.

Entered: November 15, 2013                    Frances E. Cafarell
                                              Clerk of the Court