# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1290**

**KA 12-00848**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

JOSEPH M. BOWMAN, DEFENDANT-APPELLANT.

---

KELIANN M. ARGY-ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (PATRICIA L. DZIUBA OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered May 7, 2012. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96) and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence both because he made only a general motion for a trial order of dismissal and because he failed to renew his motion after presenting evidence (*see People v Roman*, 85 AD3d 1630, 1630, *lv denied* 17 NY3d 821; *see also People v Hall*, 106 AD3d 1513, 1514, *lv denied* ___ NY3d ___ [Oct 07, 2013]). In any event, we conclude that the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801).

Defendant's contention that he was denied a fair trial based on the prosecutor's improper comments during summation and by an instruction that County Court gave while charging the jury is not preserved for our review inasmuch as defendant failed to object to

those instances of alleged misconduct or to the jury instruction (*see* CPL 470.05 [2]).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *see also People v Benton*, 106 AD3d 1451, 1451-1452, *lv denied* 21 NY3d 1040; *People v Nunez*, 51 AD3d 1398, 1400, *lv denied* 11 NY3d 792).  Finally, we reject defendant's contention that he was denied effective assistance of counsel inasmuch as "the evidence, the law, and the circumstances of [this] . . . case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court