# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

150

KA 12-00343

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TYRELL FORD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 31, 2012. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree and harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of assault in the second degree (Penal Law § 120.05 [1]) and harassment in the second degree (§ 240.26 [1]). With respect to the assault conviction, defendant contends that the evidence is legally insufficient to establish that he intended to cause serious physical injury to one of the victims. We reject that contention. " 'A defendant may be presumed to intend the natural and probable consequences of his [or her] actions . . . , and [i]ntent may be inferred from the totality of conduct of the accused' " (*People v Moreland*, 103 AD3d 1275, 1276, *lv denied* 21 NY3d 945; *see People v Meacham*, 84 AD3d 1713, 1714, *lv denied* 17 NY3d 808). Here, several witnesses testified that defendant attacked the victim from behind and punched him in the face at least twice with a closed fist. During the altercation, defendant, who was approximately six feet five inches tall, weighed about 300 or 320 pounds, and was considerably larger than the victim, placed the victim in a headlock, and then struck the victim in the face at least once while the victim was thus immobilized. We conclude that one natural and probable consequence of striking someone under such circumstances is that the person will sustain a serious physical injury (*see Meacham*, 84 AD3d at 1714). Defendant also challenges the legal sufficiency of the evidence on the issue whether the victim sustained a serious physical injury within the meaning of Penal Law §§ 120.05 (1) and 10.00 (10). The People presented evidence establishing that the victim sustained two

fractures to his jaw, which required surgery and the permanent placement of a titanium plate in his chin. The victim's jaw was wired shut for four weeks, and the victim experienced numbness in his chin that continued until the time of trial. Consequently, we conclude that the evidence of serious physical injury is legally sufficient to support the conviction of assault (*see People v Santiago*, 111 AD3d 1383, 1384-1385; *People v Johnson*, 50 AD3d 1537, 1537-1538, *lv denied* 10 NY3d 935; *see also Matter of Tirell R.*, 33 AD3d 804, 805).

Viewing the evidence in light of the elements of the crime and the violation in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the court failed to give the evidence the weight it should be accorded when it determined that he intended to cause serious physical injury (*see generally People v Bleakley*, 69 NY2d 490, 495), and when it rejected his justification defense (*see People v Moreno*, 31 AD3d 1214, 1214, *lv denied* 7 NY3d 869). "It is well settled that credibility determinations by the court . . . are entitled to great deference . . . , and minor inconsistencies in the testimony of certain prosecution witnesses do not render their testimony incredible as a matter of law" (*People v Howard*, 101 AD3d 1749, 1750, *lv denied* 21 NY3d 944 [internal quotation marks omitted]).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court