# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

361

KA 12-00360

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                           MEMORANDUM AND ORDER

BRANDON K. MACIOSZEK, ALSO KNOWN AS BRANDON KARL
MACIOSZEK, ALSO KNOWN AS BRANDON MACIOSZEK,
DEFENDANT-APPELLANT.
_____

KELIANN M. ARGY ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.
_____

        Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered February 2, 2012.  The judgment convicted
defendant, upon a jury verdict, of assault in the first degree.

        It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

        Memorandum:  Defendant appeals from a judgment convicting him
following a jury trial of assault in the first degree (Penal Law §
120.10 [1]).  The evidence at trial established that defendant
intentionally struck the victim with the motor vehicle he was driving,
causing the victim to fly over the roof of the vehicle and land on the
side of the road.  Defendant drove away but was arrested the next day.
At trial, defendant testified that he inadvertently struck the victim,
who had been arguing with defendant's passenger, and he stipulated
that the victim sustained a serious injury.  On appeal, defendant
contends that County Court committed reversible error during voir dire
by making a negative comment about his character.  By failing to
object to the comment, however, defendant failed to preserve his
contention for our review (*see* CPL 470.05 [2]).  In any event, we
conclude that the comment was not so prejudicial as to taint the jury
pool or otherwise deprive defendant of a fair trial.

        Defendant similarly failed to preserve for our review his further
contention that the prosecutor engaged in misconduct during summation
(*see People v Martin*, 114 AD3d 1154, ____; *People v Bowman*, 113 AD3d
1100, 1100-1101), and his contention lacks merit in any event.
Defendant further contends that the court failed to take proper
measures to remedy juror misconduct, i.e., the jury's discussion of
the case prior to deliberations.  In response to an objection by
defendant, the court instructed the jury, as it had at the outset of

the trial, not to discuss the case until deliberations commenced, and defendant did not object to that instruction or request further relief.  Defendant thus failed to preserve for our review his contention that the court should have more closely "scrutinized" the jurors who had been discussing the case prematurely (*see* CPL 470.05 [2]).  In any event, we conclude that the court's response was proper (*see generally People v Mejias*, 21 NY3d 73, 79-80, *rearg denied* 21 NY3d 1058).

    We reject defendant's contentions that the evidence is legally insufficient to support the conviction and the verdict is against the weight of the evidence.  As noted, defendant admittedly struck the victim with the vehicle he was driving, and he stipulated that the victim sustained serious injuries as a result.  The primary issue at trial was whether defendant intentionally struck the victim or whether, as defendant testified, he accidently did so.  Two prosecution witnesses testified that they observed the victim running from defendant's vehicle and the vehicle swerve into the victim at a high rate of speed.  This occurred after the victim had been arguing with a passenger in defendant's vehicle.  After striking the victim, defendant did not stop or immediately contact the police.  We conclude that the above evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant possessed the requisite intent (*see People v Moreland*, 103 AD3d 1275, 1276, *lv denied* 21 NY3d 945).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Although a different verdict would not have been unreasonable, it cannot be said that the jurors failed to give the evidence the weight it should be accorded (*see People v Canfield*, 111 AD3d 1396, 1397, *lv denied* 22 NY3d 1087; *People v Ettleman*, 109 AD3d 1126, 1128).

    We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court