■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANANYANKA MEAD, Appellant. [22 NYS3d 492]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered October 22, 2012, convicting her of gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant contends that the evidence of serious physical injury adduced at trial was legally insufficient to support her conviction of gang assault in the second degree. However, the complainant's testimony, coupled with the complainant's physician's testimony, established that the complainant's jaw was fractured in two places and her orbital bone was fractured. The recovery period for her injuries was lengthy and painful. Her jaw was wired shut for six weeks, she could not eat solid food for that time, and she lost 20 pounds as a result. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the complainant sustained a serious physical injury within the meaning of Penal Law § 10.00 (10) (*see People v Johnson*, 50 AD3d 1537, 1537-1538 [2008]; *Matter of Tirell R.*, 33 AD3d 804, 805 [2006]; *People v Davis*, 191 AD2d 705, 706 [1993]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the

evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Lindsay*, 131 AD3d 625, 626 [2015]).

The defendant contends, and the People correctly concede, that the Supreme Court failed to determine whether she should be afforded youthful offender status (*see* CPL 720.20 [1]). The parties are correct that the record does not demonstrate that the Supreme Court considered whether to adjudicate the defendant a youthful offender. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after determining whether the defendant should be sentenced as a youthful offender (*see People v Dawkins*, 131 AD3d 482, 483 [2015]; *People v Then*, 121 AD3d 1025, 1026 [2014]). We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant (*see People v Dawkins*, 131 AD3d at 483; *People v Then*, 121 AD3d at 1026).

The defendant's remaining contention has been rendered academic in light of our determination (*see People v Then*, 121 AD3d at 1026). Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.