# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1398**
**KA 12-02100**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHAQUEL WILLIAMS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 5, 2012. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the case is held, decision is reserved, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), was legally sufficient to disprove defendant's justification defense (*see People v Jones*, 151 AD2d 997, 997, *lv denied* 74 NY2d 812), and to establish that he intended to cause serious physical injury when he stabbed the victim in the chest with a knife (*see People v Goley*, 113 AD3d 1083, 1083; *People v Almonte*, 7 AD3d 324, 324-325, *lv denied* 3 NY3d 670). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict finding defendant guilty of manslaughter in the first degree is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, the jury did not fail "to give the evidence the weight it should be accorded when it determined that he intended to cause serious physical injury . . . and when it rejected his justification defense" (*People v Ford*, 114 AD3d 1273, 1275, *lv denied* 23 NY3d 962).

Supreme Court properly refused to instruct the jury that it could consider the victim's reputation for violence in determining whether defendant reasonably believed that it was necessary to use deadly

physical force.  The only evidence concerning the victim's reputation for violence consisted of defendant's hearsay statements to the People's psychiatric expert, and the court properly ruled that such statements were admissible "for the limited purpose of informing the jury of the basis of the expert's opinion and not for the truth of the matters related" (*People v Campbell*, 197 AD2d 930, 932, *lv denied* 83 NY2d 850).  Inasmuch as there was no admissible evidence of the victim's reputation for violence, the court properly denied defendant's charge request.

We reject defendant's contention that he was denied a fair trial by prosecutorial misconduct.  We conclude that the one preserved instance of misconduct was not so prejudicial that it warrants reversal (*see People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916).  Defendant failed to preserve for our review his further contention that the court erred in admitting in evidence a recording of a jailhouse telephone call between him and his mother (*see People v Bennett*, 94 AD3d 1570, 1570, *lv denied* 19 NY3d 994), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant, however, that the court erred in failing to determine whether he should be afforded youthful offender status (*see People v Rudolph*, 21 NY2d 497, 501).  We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record "a determination of whether defendant is a youthful offender" (*id.* at 503).

Entered: December 31, 2015                    Frances E. Cafarell
                                            Clerk of the Court