# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1303
KA 11-00637
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LUIS P. ACOSTA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 15, 2011. The judgment convicted defendant, upon a jury verdict, of attempted criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [1]), defendant contends that the evidence is legally insufficient to establish the element of forcible compulsion beyond a reasonable doubt. Defendant failed to preserve that contention for our review by a motion for a trial order of dismissal specifically directed at that alleged insufficiency, and he also failed to renew his motion after presenting evidence (*see People v Bowman*, 113 AD3d 1100, 1100, *lv denied* 24 NY3d 1082). In any event, we conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to support defendant's conviction (*see generally People v Danielson*, 9 NY3d 342, 349). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see id.*), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although an acquittal would not have been unreasonable, where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give [g]reat deference . . . [to the jury's] opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831 [internal quotation marks omitted]; *see Bleakley*, 69 NY2d at 495). The jury credited the victim's testimony concerning defendant's use of physical force in his attempt to have her perform oral sex on him, and we perceive no basis

in the record to disregard the jury's credibility determination in that regard.

Defendant's contention that the prosecutor committed misconduct is unpreserved inasmuch as Supreme Court sustained defense counsel's objections to the prosecutor's questions at issue and gave the jury a curative instruction which, in the absence of further objection or a request for a mistrial, "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944). Defendant's further contention that the court's *Sandoval* ruling constitutes an abuse of discretion is similarly unpreserved (*see People v Riley*, 117 AD3d 1495, 1495-1496, *lv denied* 24 NY3d 1088). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention, we conclude that the court properly instructed the jury with respect to the element of forcible compulsion for criminal sexual act in the first degree, "even though it did not repeat the definition of th[at] term[,] which it had provided to the jury during its earlier charge" with respect to rape in the first degree (*People v Howard*, 214 AD2d 418, 418, *lv denied* 86 NY2d 843).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court