THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NABIL FAWZI, Appellant. [65 NYS3d 191]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J. at suppression hearing; Bonnie G. Wittner, J. at trial and sentencing), rendered December 2, 2013, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress a statement on the ground that it was the fruit of an allegedly unlawful entry into the apartment defendant shared with his mother. The record also supports the court's alternative findings that the first police entry into the apartment was justified by both consent and exigent circumstances.

The overall circumstances established that defendant's mother voluntarily consented to the entry, and that it was not the product of a ruse (*see generally People v Gonzalez*, 39 NY2d 122 [1976]). The entry was also justified by exigent circumstances. Based upon information supplied by witnesses, the police had reason to fear that defendant was armed and would

soon flee (*see People v McBride*, 14 NY3d 440, 446 [2010], *cert denied* 562 US 931 [2010]).

Defendant's contention that the court should have suppressed the fruits of a subsequent warrantless search of the apartment is unpreserved, and we decline to review it in the interest of justice (*see People v Martin*, 50 NY2d 1029, 1031 [1980]). As an alternative holding, we find that the record on this issue provides no basis for suppression.

Defendant's legal insufficiency claim is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The jury properly rejected defendant's theory that his intoxication negated the element of intent. Defendant exhibited purposeful behavior in walking home to obtain a knife after an altercation with the victim, approaching the victim from behind, and repeatedly stabbing him (*see People v Sirico*, 17 NY3d 744, 746 [2011]). Additionally, a witness, who knew defendant, and had spoken with immediately before the stabbing did not observe the defendant to appear intoxicated.

Further, defendant failed to establish either the subjective or objective elements of the defense of extreme emotional disturbance by a preponderance of the evidence. While defendant claimed to have been under the influence of extreme emotional disturbance as a result of being punched by the victim during an altercation between the two some 20 minutes before the stabbing, his casual conversation with the food vendor, the purposeful manner in which he committed the crime, and his efforts at concealing his crime immediately after stabbing the victim negate his claims (*see People v Kenny*, 134 AD3d 420 [1st Dept 2015], *lv denied* 27 NY3d 1000 [2016]). The evidence also failed to support defendant's assertion that a reasonable person in defendant's position would have lost control and been extremely disturbed 20 minutes after the altercation with the victim.

Finally, defendant's arguments concerning the People's summation are unpreserved (*see People v Romero*, 7 NY3d 911 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Moreover, any error was harmless in light of the overwhelming evidence of de-

fendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).We perceive no basis for reducing the sentence. Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.