People v Galarza (2018 NY Slip Op 02096)





People v Galarza


2018 NY Slip Op 02096


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


392 KA 15-01821

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMIE R. GALARZA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered July 8, 2014. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that the evidence is not legally sufficient with respect to the issue of intent, and that it is not legally sufficient to disprove his justification defense beyond a reasonable doubt. We reject those contentions. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is "legally sufficient to disprove defendant's justification defense . . . , and to establish that he intended to cause serious physical injury when he stabbed the victim" in the neck and torso with a knife (People v Williams, 134 AD3d 1572, 1573 [4th Dept 2015]). Indeed, we note that the victim was stabbed between 13 and 16 times, and the witnesses agree that defendant was the first person to use a weapon, while the victim was unarmed. Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the jury did not fail "to give the evidence the weight it should be accorded when it determined that he intended to cause serious physical injury . . . and when it rejected his justification defense" (People v Ford, 114 AD3d 1273, 1275 [4th Dept 2014], lv denied 23 NY3d 962 [2014]), and thus the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that Supreme Court erred in refusing to suppress statements that he made to a police officer while the officer was transporting him, and while the officer was with defendant when he was examined at the hospital. The evidence at the hearing establishes that those statements were spontaneous, i.e., they were "in no way the product of an interrogation environment, [or] the result of express questioning or its functional equivalent" (People v Harris, 57 NY2d 335, 342 [1982], cert denied 460 US 1047 [1983] [internal quotation marks omitted]; see People v Rivers, 56 NY2d 476, 480 [1982], rearg denied 57 NY2d 775 [1982]; People v Dawson, 149 AD3d 1569, 1570-1571 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court