People v Head (2019 NY Slip Op 03507)





People v Head


2019 NY Slip Op 03507


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


455 KA 15-01680

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL A. HEAD, DEFENDANT-APPELLANT. 






NANCY J. BIZUB, BUFFALO, FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, SPECIAL DISTRICT ATTORNEY, BATAVIA, AND NEW YORK PROSECUTORS TRAINING INSTITUTE, INC., ALBANY (LAUREN D. KONSUL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered July 8, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the second degree (Penal Law § 120.05 [3], [7]). Defendant's conviction stems from an altercation he had with correction officers while he was an inmate at a correctional facility. Defendant contends that County Court erred in ordering that defendant's inmate witnesses remain shackled while testifying without giving a reason for such restraints and without providing any curative instructions to the jury. As defendant correctly concedes, he did not preserve his contention for our review (see CPL 470.05 [2]; see generally People v Cooke, 24 NY3d 1196, 1197 [2015], cert denied — US &mdash, 136 S Ct 542 [2015]; People v Rouse, 79 NY2d 934, 935 [1992]; People v Morales, 132 AD3d 1410, 1410 [4th Dept 2015], lv denied 27 NY3d 1072 [2016]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's contention that he was denied effective assistance of counsel on the ground that defense counsel failed to preserve this issue for our review. Defendant failed " to demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (People v Atkins, 107 AD3d 1465, 1465 [4th Dept 2013], lv denied 21 NY3d 1040 [2013], quoting People v Rivera, 71 NY2d 705, 709 [1988]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We reject defendant's contention that the evidence is legally insufficient because the People failed to disprove his justification defense. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to disprove the justification defense (see People v Williams, 134 AD3d 1572, 1573 [4th Dept 2015]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court