People v Shu Ng (2019 NY Slip Op 08491)





People v Shu Ng


2019 NY Slip Op 08491


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


10405 1977/17

[*1] The People of the State of New York Respondent,
v
Shu Ng, Defendant-Appellant.


Gotlin & Jaffe, New York (Daniel J. Gotlin of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered November 28, 2018, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 349 [2007]). The People established beyond a reasonable doubt that defendant intentionally caused physical injury to the victim (see Penal Law § 120.05[1]). During an argument between defendant and his girlfriend, defendant, without provocation, approached the victim and punched him in the face with such force that the victim was knocked back onto the pavement, causing permanent catastrophic brain injuries. The jury was entitled to draw the reasonable inference that defendant intended the natural consequences of his acts (see generally People v Getch, 50 NY2d 456, 465 [1980]), and the evidence also supports the jury's rejection of defendant's intoxication defense (see e.g. People v Fawzi, 155 AD3d 548 [1st Dept 2017], lv denied 30 NY3d 1104 [2018]). Defendant's argument that a fist cannot qualify as a dangerous instrument is irrelevant, because defendant was not convicted of a crime containing the element of use of a dangerous instrument.
The court providently exercised its discretion in admitting limited evidence of defendant's athletic and martial arts abilities, consisting of an Instagram photo posted by defendant and a document in which he reported his martial arts skills. This evidence was not received to establish a nonexistent "dangerous instrument" theory. Instead, it was relevant to the element of intent in that it tended to show that serious physical injury was a natural consequence of defendant's act and that defendant was aware of this (see People v Scott, 47 AD3d 1016, 1020-1021 [3d Dept 2008], lv denied 10 NY3d 870 [2008]; see also People v Ford, 114 AD3d 1273, 1274 [4th Dept 2014], lv denied 23 NY3d 962 [2014]). To the extent that defendant is arguing that the particular evidence admitted by the court lacked probative value on this issue, we conclude that the considerations raised by defendant went to the weight to be given by the jury to this evidence, not its admissibility.
Defendant did not preserve his claim that a witness improperly testified as an expert, or [*2]his challenges to the People's summation, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK