THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL DAVENPORT, Appellant. [825 NYS2d 864]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 12, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and burglary in the first degree (§ 140.30 [3]). As defendant correctly concedes, he failed to preserve for our review his contention with respect to Supreme Court's jury charge (*see People v Ponder*, 19 AD3d 1041, 1042-1043 [2005], *lv denied* 5 NY3d 809 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the inter-

est of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the court provided the requisite "meaningful [response]" to the jury's request for information (*People v Malloy*, 55 NY2d 296, 301 [1982], *cert denied* 459 US 847 [1982]), and defendant thus was not denied a fair trial by the manner in which the court responded to the jury's inquiry. We reject defendant's contention that the court erred in permitting the prosecutor to elicit testimony concerning a previously suppressed identification procedure. Defendant opened the door to the admission of that testimony by cross-examining the victim concerning her observations of defendant at the time of his arrest. "Had the court failed to admit the [testimony concerning the identification procedure], the testimony elicited by defendant [in cross-examining the victim] would have created the misleading impression that the victim had been unable to identify defendant prior to trial" (*People v Mahone*, 206 AD2d 263, 264 [1994], *lv denied* 84 NY2d 869 [1994]; *see People v Massie*, 2 NY3d 179 [2004]).

Defendant further contends that he was denied a fair trial based on prosecutorial misconduct on summation. Contrary to the contention of defendant, the court properly overruled defendant's two objections to the prosecutor's summation, and defendant's remaining contentions with respect to alleged prosecutorial misconduct on summation are not preserved for our review (*see People v Smith*, 32 AD3d 1291, 1292 [2006]; *People v Jones*, 31 AD3d 1193 [2006], *lv denied* 7 NY3d 868 [2006]). In any event, the prosecutor's allegedly improper comments were fair response to defense counsel's summation and did not deprive defendant of a fair trial (*see Smith*, 32 AD3d at 1292; *see generally People v Halm*, 81 NY2d 819, 821 [1993]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra and Green, JJ.