■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COLEMAN, Appellant. [846 NYS2d 53]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 27, 2004, convicting defendant, after a jury trial, of enterprise corruption, conspiracy in the fourth degree, burglary in the third degree, grand larceny in the second degree, and criminal possession of stolen property in the second degree, and sentencing him to an aggregate term of 11⅓ to 34 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors

and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court imposed appropriate limitations on the prosecutor's inquiry into defendant's extensive criminal record. Defendant's theft-related convictions, although numerous, were highly relevant to his credibility.

The court did not unduly restrict defendant's cross-examination of witnesses (*see People v Corby*, 6 NY3d 231, 234-235 [2005]; *see also Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Defendant's other complaints about the court's conduct of the trial, and his arguments concerning the discharge of a sick juror, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them without merit.

The court properly exercised its discretion in denying defendant's requests for appointment of an investigator and a sentencing mitigation expert. Defendant failed to demonstrate any necessity for such assistance, but asserted only vague and speculative reasons why these individuals could help his defense (*see People v Dearstyne*, 305 AD2d 850, 852-853 [2003], *lv denied* 100 NY2d 593 [2003]; *People v Burgess*, 270 AD2d 158 [2000], *lv denied* 95 NY2d 794 [2000]).

We have considered and rejected defendant's pro se claims. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.