# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**738**
**KA 10-02421**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JASON L. CLARK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JON P. GETZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 26, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that Supreme Court abused its discretion in denying that part of his omnibus motion seeking funds to retain an investigator and a ballistics expert pursuant to County Law § 722-c. We reject that contention inasmuch as defendant failed to establish that such services were "necessary to his defense" (*People v Clarke*, 110 AD3d 1341, 1342, *lv denied* 22 NY3d 1197; *see People v Brown*, 67 AD3d 1369, 1370, *lv denied* 14 NY3d 886; *People v Coleman*, 45 AD3d 432, 433, *lv denied* 10 NY3d 763).

Inasmuch as defendant did not object to the charge conference being held off the record in chambers, his contention that the court erred in failing to record the charge conference stenographically is not preserved for our review (*see People v Vasquez*, 89 NY2d 521, 534, *cert denied* 522 US 846; *People v Samuels*, 291 AD2d 823, 824, *lv denied* 98 NY2d 655; *see generally* Judiciary Law § 295). In any event, "defendant failed to show any prejudice he suffered as a result of that conference not being transcribed" (*People v Richard*, 30 AD3d 750, 754, *lv denied* 7 NY3d 869; *see generally People v Harrison*, 85 NY2d 794, 796). Moreover, we conclude that any challenge by defendant to the adequacy of the jury charge is not preserved for our review because defendant failed to object to the jury charge as given (*see* CPL 470.05 [2]; *Richard*, 30 AD3d at 754-755; *see generally People v*

*Robinson*, 88 NY2d 1001, 1001-1002).  To the extent that defendant asserts an ineffective assistance of counsel claim on the ground that defense counsel could have sought certain jury charges, that claim involves matters outside the record on appeal in this case and thus is properly raised by way of a motion pursuant to CPL article 440 (*see generally People v Rivera*, 71 NY2d 705, 709).

We reject defendant's contention that the evidence is legally insufficient to support the conviction.  "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [jury] on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678 [internal quotation marks omitted]; *see generally People v Bleakley*, 69 NY2d 490, 495). Here, "[t]he fact that no one saw defendant fire the shot that killed the victim does not render the evidence legally insufficient, inasmuch as there was ample circumstantial evidence establishing defendant's identity as the shooter" (*People v Moore* [appeal No. 2], 78 AD3d 1658, 1659, *lv denied* 17 NY3d 798).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  "Even assuming, arguendo, that a different verdict would not have been unreasonable, [we note that] 'the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (*People v Chelley*, 121 AD3d 1505, 1506, *lv denied* 24 NY3d 1218, *reconsideration denied* 25 NY3d 1070).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court