# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1207**
**KA 15-00106**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

DARRYL JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered March 26, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), arising from the shooting of a drug dealer during a robbery, defendant contends that Supreme Court deprived him of due process and a fair trial by admonishing his trial attorney that it would permit the People to introduce additional evidence if counsel made certain arguments in summation. We reject that contention.

During defendant's first trial, his attorney argued that the jury should not accept the identification testimony of an eyewitness because defendant was the only black male in the front of the courtroom and the perpetrator was also a black male, and thus the identification was not sufficiently certain. The jury at defendant's first trial was unable to reach a verdict. Prior to the start of the second trial, the People moved in limine to preclude defense counsel from making that argument. The prosecutor contended that the witness had actually identified defendant from a photo array prior to trial, but the People were precluded from introducing such evidence on their direct case (*see People v Lindsay*, 42 NY2d 9, 12; *People v Ofield*, 280 AD2d 978, 978, *lv denied* 96 NY2d 832), and defense counsel therefore was creating a misimpression that the witness had not previously identified defendant. In the alternative, the People sought

permission to reopen their case-in-chief if defense counsel reiterated his argument from the first trial. The court denied the motion, stating that it would not, prior to trial, preclude defense counsel from making that argument. The court also stated, however, that it "would entertain a motion by the People to reopen the proof" if defense counsel's summation created a "misleading impression" that the witness "had been unable to identify defendant prior to trial." During summation, defense counsel made a very similar argument to the argument made during the first trial, the People objected and moved to reopen their proof, and the court denied the motion, concluding that defense counsel had not created a misleading impression.

We reject defendant's contention that the court's initial ruling and additional statement had a chilling effect on defense counsel's summation. Counsel made virtually the same argument in the second trial as he made in the first trial, which belies defendant's contention that there was a chilling effect. Contrary to defendant's further contention, the court's statements regarding reopening the proof were correct. Although it is well settled that "evidence of a witness's pretrial photographic identification of an accused is not admissible in the prosecution's case-in-chief" (*People v Grajales*, 8 NY3d 861, 862), a defendant may open the door to evidence of such an identification (*see People v Lago*, 60 AD3d 784, 784, *lv denied* 13 NY3d 746; *People v Carvalho*, 60 AD3d 1394, 1395, *lv denied* 13 NY3d 742; *People v Davenport*, 35 AD3d 1277, 1278, *lv denied* 9 NY3d 842, *reconsideration denied* 9 NY3d 922; *see also People v Perkins*, 15 NY3d 200, 205-206). Thus, a court will properly conclude that a defendant has opened the door to the admission of evidence that a witness has identified defendant from a photo array where, inter alia, the defendant "sought to create the false impression that a prosecution witness was unable to identify him from photographs" (*People v Francis*, 123 AD2d 714, 714; *see People v Sherrod*, 240 AD2d 273, 274, *lv denied* 90 NY2d 1014), and "[t]he prejudice to the People caused by this misimpression [would be] of sufficient magnitude to warrant reopening the case during summation" (*People v De Los Angeles*, 270 AD2d 196, 199, *lv denied* 95 NY2d 889; *see People v Loney*, 43 AD3d 726, 727, *lv denied* 9 NY3d 991; *see generally People v Philips*, 120 AD3d 1266, 1268, *lv denied* 24 NY3d 1122). Consequently, the court did not err in explaining to defense counsel that it would entertain the People's motion to reopen their case if defendant created the misimpression that the witness was unable to identify defendant before trial.

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence because "his motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal" (*People v Wright*, 107 AD3d 1398, 1401, *lv denied* 23 NY3d 1026; *see People v Gray*, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction with respect to all of the charges (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342,

349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  "Even assuming, arguendo, that a different verdict would not have been unreasonable, [we note that] 'the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (*People v Chelley*, 121 AD3d 1505, 1506, *lv denied* 24 NY3d 1218, *reconsideration denied* 25 NY3d 1070; *see People v Clark*, 142 AD3d 1339, 1341).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court