People v Ganntt (2018 NY Slip Op 02167)





People v Ganntt


2018 NY Slip Op 02167


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-05264
 (Ind. No. 13-00076)

[*1]The People of the State of New York, respondent,
v
Larry Ganntt, Jr., appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered April 30, 2014, convicting him of attempted assault in the first degree, attempted aggravated assault upon a police officer, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In the early morning hours of November 3, 2012, the defendant was stabbed during a fight outside a club in Newburgh. Police officers responded to the scene, and when one of the officers attempted to subdue the defendant, he stabbed the officer in the neck with a knife. The jury ultimately acquitted the defendant of attempted murder in the first and second degrees, assault in the first degree, aggravated assault upon a police officer, and one count of assault in the second degree, but convicted him of attempted assault in the first degree, attempted aggravated assault upon a police officer, two counts of assault in the second degree, and criminal possession of a weapon in the fourth degree.
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying the defendant's request to retain, at public expense, an expert in psychology to aid in his defense. The defendant's vague and equivocal representations in support of his request failed to establish both that the services of an expert were necessary and that he was financially unable to obtain those services (see County Law § 722-c; People v Clark, 142 AD3d 1339, 1340; People v Mallayev, 120 AD3d 1358, 1358; People v Clarke, 110 AD3d 1341, 1342-1343; People v Coleman, 45 AD3d 432, 433).
Similarly unavailing is the defendant's contention that he was erroneously denied the opportunity to cross-examine a police officer regarding prior bad acts alleged in lawsuits against the officer. The defendant never made such a request, but instead merely asked the County Court to conduct an in camera review of the officer's disciplinary file without establishing the requisite factual predicate therefor (see People v Gissendanner, 48 NY2d 543, 549-550).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]; see generally People v Medina, 18 NY3d 98, 104; People v Gray, 86 NY2d 10, 19), and we decline to consider it in the exercise of our interest of justice jurisdiction.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court